IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANEESHA R. HOLLAND<br>O/B/O MYIA WORD,<br><br>              Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 05-0673-CV-W-RED<br>)<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff Myia Word seeks judicial review of the Commissioner's denial of her request for Supplemental Security Income ("SSI") as a disabled child under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff has exhausted all of her administrative remedies, therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by

substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

Section 1614 (a)(3) of the Social Security Act provides a definition of disability for children that is different from the definition of disability for adults. If the child is under the age of 18, he shall be considered disabled if he has a medically determinable physical or mental impairment that "results in marked and severe functional limitations" and can be expected to result in death or last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(C)(i) (2000).

The regulations establish a three-step process to determine whether the child is disabled. First, the ALJ must determine if the child is engaged in substantial gainful activity. If the child is engaged in substantial gainful activity, the child will be deemed not disabled. If the child is not engaged in substantial gainful activity, the ALJ must determine if the child has a medically determinable mental or physical impairment or combination of impairments that is severe. If the impairment is not severe, the child will be deemed not disabled. If the impairment is severe, the ALJ must determine whether the impairment or combination of impairments meets, medically

2

substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

Section 1614 (a)(3) of the Social Security Act provides a definition of disability for children that is different from the definition of disability for adults. If the child is under the age of 18, he shall be considered disabled if he has a medically determinable physical or mental impairment that "results in marked and severe functional limitations" and can be expected to result in death or last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(C)(i) (2000).

The regulations establish a three-step process to determine whether the child is disabled. First, the ALJ must determine if the child is engaged in substantial gainful activity. If the child is engaged in substantial gainful activity, the child will be deemed not disabled. If the child is not engaged in substantial gainful activity, the ALJ must determine if the child has a medically determinable mental or physical impairment or combination of impairments that is severe. If the impairment is not severe, the child will be deemed not disabled. If the impairment is severe, the ALJ must determine whether the impairment or combination of impairments meets, medically

2

equals, or functionally equals the listings in the appendix to the regulations. 20 C.F.R. § 416.924 (a) (2006).

To determine if the child has an impairment that results in limitations that functionally equal the listings, six broad areas of functioning or development, called domains, are considered. The six domains are: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself, and health and physical well-being. *Id.* § 416.926a (b)(1). A child is considered to have limitations that functionally equal the listings if the child has "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a (a). A "marked" limitation in a given domain will be found if the child's impairment seriously interferes with the ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a (e)(2). An "extreme" limitation will be found in a given domain if the child's impairment very seriously interferes with the ability to independently initiate, sustain, or complete activities. *Id.*

### III. Discussion

Plaintiff identifies two points of error in the ALJ's finding of no disability. First, Plaintiff argues the ALJ failed to consider her global assessment of functioning (GAF) in assessing the six domains of functioning. Further, Plaintiff argues the ALJ's finding regarding the "attending and completing tasks" domain is not supported by substantial evidence.

#### A. Consideration of Global Assessment of Functioning (GAF)

Plaintiff argues the ALF erred in attaching no significance to her GAF scores when evaluating the six domains of functioning. Plaintiff bases this argument on the fact the ALJ made no mention of the GAF scores in his opinion.

The Global Assessment of Functioning (GAF) scale is used by practitioners to report an

3

individual's overall level of functioning.  *See Quaite v. Barnhart*, 312 F. Supp. 2d 1195, 1200 (E.D. Mo. 2004).  A GAF score below 50 is considered to indicate serious impairments in functioning.  *Id.*  However, the Commissioner has stated that the GAF scale "does not have a direct correlation to the severity requirements" in the Social Security mental disorders listings. 65 Fed. Reg. 50,745, 50,764-65 (Aug. 21, 2000).  Moreover, the Commissioner has not specifically endorsed the use of the GAF scale in the Social Security and SSI programs.  *Id.* at 50,765.  Accordingly, "[w]hile a GAF score may be of considerable help to the ALJ" in formulating his decision, it is not essential.  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002).

Additionally, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered . . . ."  *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1986).  The Court finds the ALJ's failure to mention the Plaintiff's GAF scale does not impact the ALJ's determination of no disability.

## B.  "Attending and Completing Tasks" Findings

Plaintiff next argues that the ALJ erred in his finding regarding the "attending and completing tasks" domain.  Specifically, Plaintiff asserts the ALJ failed to use the correct legal standard in evaluating Plaintiff's ability to attend and complete tasks.  Plaintiff states the regulations set out a "factually intensive analysis" that was not followed by the ALJ.

In the "attending and completing tasks" domain, the ALJ must consider how well the child is able to focus and maintain attention, and how well the child is able to begin, carry through, and finish activities.  20 C.F.R.§ 416.926a (h) (2006).  The regulations provide examples of activities typical of children in several age groups as well as examples of functional limitations in this domain.  *Id.*  The examples are not all-inclusive, and there is no requirement

4

for ALJs to develop evidence about each specific example.  *Id.* § 416.926a (f)(3).  These examples are thus merely offered as information the ALJ "*may* consider" in deciding whether a child has a limitation in a given domain.  *Id.*

Given the ALJ is not required to consider the examples in reaching his decision on any given domain, the ALJ did not apply the incorrect legal standard in reaching his decision with respect to the "attending and completing tasks" domain.[1]   The Court finds the ALJ's determination with respect to this domain, as well as the other five domains, is supported by substantial evidence.

### IV.  Conclusion

For the foregoing reasons, and after careful examination of the record, the Court finds the ALJ applied the correct standards of law and the ALJ's decision is supported by substantial evidence on the record as a whole.  It is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE:         September 18, 2006          */s/ Richard E. Dorr*
                                          RICHARD E. DORR, JUDGE
                                          UNITED STATES DISTRICT COURT

---

[1]Plaintiff focuses the bulk of her second argument on the "attending and completing tasks" domain; however, at the end of the brief, Plaintiff states "[t]he ALJ's finding . . . is invalid because he failed to apply the correct legal standard, in evaluating Myia's impairment in all domains."  In light of the Court's discussion regarding the "attending and completing tasks" domain, the Court finds the ALJ did not apply the incorrect legal standard as to any of the six domains.

5